# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KEVIN WIGFALL

    Plaintiff,

v.

                                                    **Case No.:**

NATHAN MICHAEL BISK          **Circuit Court Case No.: 16-CA-011354**

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, NATHAN MICHAEL BISK ("**Defendant**"), hereby removes this case from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this removal, Defendant states:

1. Plaintiff, KEVIN WIGFALL ("**Plaintiff**"), filed his Complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on December 13, 2016. The clerk of that court assigned case number 16-CA-011354 to that action.

2. On December 16, 2016, Defendant received via certified mail a Waiver of Service of Process along with an incomplete copy of the Complaint[1] from Plaintiff. (*See* Composite Exhibit A).

---

[1] Specifically, Plaintiff's Complaint omitted several exhibits referenced therein. Plaintiff also failed to provide Defendant, as required by Fla. R. Civ. P. 1.070(i)(2), with a prepaid means of allowing Defendant to comply with Plaintiff's request for waiver of service.

3. On December 23, 2016, Defendant requested a complete copy of the Complaint from Plaintiff. (*See* Exhibit B).

4. On December 28, 2016, Defendant received a complete copy of the Complaint via electronic mail from Plaintiff. (*See* Exhibit C).

5. On January 5, 2017, Defendant timely completed the Waiver of Service of Process and returned it to Plaintiff. (*See* Exhibit D).

6. Plaintiff's Complaint purports to set forth one count against Defendant for unpaid overtime under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. §§ 201 *et seq*., (Complaint ¶¶ 52-58); one count for unpaid wages under Chapter 448, Florida Statutes (Complaint ¶¶ 59-62); one count for breach of contract based on Defendant's alleged failure to tender funds to Plaintiff (Complaint ¶¶ 63-65); one count for negligence (Complaint ¶¶ 66-71); and one count for fraudulent inducement (Complaint ¶¶ 72-77).

7. This Court has original jurisdiction over actions arising under the Constitution or treaties of the United States. *See* 28 U.S.C. § 1331. In this case, the Court has original jurisdiction over this action because Plaintiff alleges violations of his right under the FLSA. *See id.*

8. The Court also has supplemental jurisdiction over the remaining claims asserted by Plaintiff. Federal courts may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all state law claims that arise out of a common nucleus of operative facts with a federal claim. *See Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines*, 90

F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1566 (11th Cir. 1994)). In actions removed based on federal question jurisdiction, pursuant to 28 U.S.C. § 1367(c), district courts may refuse to exercise supplemental jurisdiction over a claim in limited circumstances, including when: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006). If, after examining the factors listed in § 1367(c), the district court decides that it has the discretion to decline to exercise supplemental jurisdiction over a state law claim, it should consider the traditional rationales for pendent jurisdiction in deciding whether to exercise that jurisdiction, including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. *See Palmer*, 22 F.3d at 1569 (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725-27 (1966)).

9. Here, none of the limited circumstances exist for this Court to refuse to exercise supplemental jurisdiction. Plaintiff's federal and state law claims arise out of a common nucleus of operative facts. Defendant anticipates that the state and federal claims will involve substantially the same witnesses. Indeed, Defendant is not aware of any witness with knowledge solely pertaining to either Plaintiff's federal claim or state claims. There will also be substantial overlap in the evidence relevant to the federal and state law claims. For instance, records pertaining to Plaintiff's relationship with Defendant will likely be central to both his

FLSA claim and his state claims, as those records may reflect the relationship that existed between Plaintiff and Defendant, the tasks and responsibilities Plaintiff undertook in relation to Defendant, the hours that Plaintiff worked, and the amount of pay that he received from Defendant. Moreover, operative facts giving rise to Plaintiff's claims occurred at the same location.

10. As for the factors set forth in 28 U.S.C. § 1367(c), Defendant believes that Plaintiff's FLSA claim will substantially predominate over Plaintiff's state law claims. In his FLSA claim, Plaintiff claims that Defendant failed to pay him overtime for hours worked in excess of forty (40) hours per week between May 2013 and May 2015. That claim covers a span of multiple years and it will involve a fact-intensive inquiry into Plaintiff's alleged duties and responsibilities, the hours that Plaintiff worked each day, how long he spent performing his alleged duties and responsibilities, and the amount of compensation that he received for hours worked. Plaintiff's state law claims, on the other hand, are narrower, and appear to cover a much more limited period of time. As to the remaining factors set forth in 28 U.S.C. § 1367(c), Plaintiff's state law claims do not raise novel or complex issues of state law, the Court has not dismissed all claims over which it has original jurisdiction, and there does not appear to be any exceptional circumstances or other compelling reasons for the Court to decline supplemental jurisdiction over them.

11. Furthermore, the traditional rationales of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together all weigh in favor of the Court exercising supplemental jurisdiction over Plaintiff's state law claims. Indeed, requiring the parties to pursue and defend litigation in two courts would be an

unnecessary burden on the parties and the witnesses, especially considering that the federal and state law claims will likely require testimony from the same witnesses regarding Plaintiff's relationship with Defendant. So too, having two actions requires the unnecessary use of the judicial resources of two courts.

12. Beyond the foregoing, Courts in this District have chosen to exercise supplemental jurisdiction in cases involving similar claims and/or circumstances. *See, e.g., Norris v. Lake Conway Landscaping of Orlando*, No. 6:14-cv-1512-Orl-37KR, 2014 WL 5472522 (M.D. Fla. Oct. 22, 2014) (exercising supplemental jurisdiction over the plaintiff's breach of contract and whistleblower claims because such claims, along with the plaintiff's FLSA claim, arose under a common nucleus of facts concerning his employment and entitlement to certain wages, and because convenience, fairness and judicial economic would be disserved if the defendant was require to litigate the plaintiff's claims before two courts); *Deman Data Sys., LLC v. Schessel,* Case. No. 8:12-cv-2580-T-24-EAJ, 2014 WL 408443 (M.D. Fla. Feb. 3, 2014) (exercising supplemental jurisdiction over the plaintiff's state law claims for tortious interference, defamation, and unpaid wages because it arose from the same employment relationship (and fallout that occurred between the parties after the plaintiff's termination which gave rise to plaintiffs' federal claim under the Computer Fraud and Abuse Act).

13. This action is properly removable under 28 U.S.C. § 1331 and § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

14. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1441(a), and Local Rule 1.02, United States District Court for the Middle District of Florida.

15. A complete copy of all pleadings filed in the Circuit Court of the Thirteenth Judicial Circuit has been filed simultaneously with this Notice of this Removal.

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendant properly removed this case within 30 days of executing the Waiver of Service of Process on January 5, 2017. *See Brown v. Macon-Bibb Co. Planning & Zoning Com'n*, No. 5:07-cv-00161-HL, 2007 WL 2212659 (M.D. Ga. Jul. 30, 2007) (holding that the thirty-day removal deadline under 28 U.S.C. § 1446(b) begins to run when a defendant executes the waiver of service of process).[2]

17. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal to Plaintiff and to the Clerk of the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida. Specifically, promptly after filing this Notice of Removal, Defendant will send a Notice of Filing Notice of Removal, a copy of which is attached as Exhibit E, to Plaintiff's counsel and to the Clerk.

18. Defendant will respond to the Complaint in accordance with Rule 81(c) of the Federal Rules of Civil Procedure or as otherwise ordered by the Court.

WHEREFORE, Defendant respectfully removes this case to this Court.

---

[2] This Notice of Removal is also timely and proper because Defendant, out of an abundance of caution, removed this case within 30 days of first receiving Plaintiff's Waiver of Service of Process, which, as noted above, included an incomplete Complaint on December 16, 2016, and omitted a prepaid means for Defendant to return the Waiver of Service of Process as required.

Respectfully submitted,

s/ Mahlon H. Barlow, III
Mahlon H. Barlow, III
Lead Trial Counsel
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
Sivyer Barlow & Watson PA
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone (813) 221-4242
Facsimile (813) 227-8598

s/ Gregory A. Hearing
Gregory A. Hearing
Florida Bar No. 817790
ghearing@tsghlaw.com
Jeffrey L. Patenaude
Florida Bar No. 0070215
jpatenaude@tsghlaw.com
Thompson, Sizemore, Gonzalez
  & Hearing, P.A.
Post Office Box 639
Tampa, Florida 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072

Co-counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2017, a true and correct copy of the foregoing was filed with the Clerk of the Court and a copy was emailed to Kamilah L. Perry, Esq., The Perry Law Group, LLC, 4830 W. Kennedy Blvd., Suite 600, Tampa, FL 33609 (Kperry@perrylawfla.com).

s/ Gregory A. Hearing
Attorney